

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 23-CR-300 29 |
| ) | |
| v. ) | 18 U.S.C. § 1344 |
| ) | 18 U.S.C. §152(3) |
| TRAVIS L. MURPHY, ) | |
| ) | |
| Defendant. ) | |

INDICTMENT

The Grand Jury Charges:

Counts 1-4
(Bank Fraud)

At all times material:

1. TRAVIS L. MURPHY (MURPHY) was an individual who resided within the Central District of Illinois.

2. MURPHY, and others, operating as Murphy Farms, engaged in farming operations on property that they owned and rented from various landlords in the Central District of Illinois.

3. UMB Bank, N.A. (UMB) was a financial institution having its principal place of business in Kansas City, Missouri. UMB's deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

4. Starting on or about October 14, 2016 and continuing to approximately July of 2017, UMB made or extended seven loans totaling $8,418,000 to MURPHY and others at Murphy Farms.

5. Valley View Agri, LLC, doing business as Valley View Agri-Systems (Valley View), was a corporation engaged in the design and construction of grain storage systems and related products.

6. Briggs Appraisal Associates (Briggs) was a commercial real estate appraiser.

7. Bunge North America, Inc. (Bunge) was an agricultural business that purchased crops from farmers to process and sell to business consumers.

## Scheme To Defraud

8. Beginning in or around September of 2016 and continuing until at least May of 2018, in the Central District of Illinois and elsewhere,

TRAVIS L. MURPHY,

the defendant, did knowingly engage in a scheme and artifice to defraud UMB Bank N.A, and others to obtain property by means of pmaterially false and fraudulent pretenses, representations, and promises.

It was part of the scheme that:

9. MURPHY received a bid from Valley View to construct a grain complex for $986,837. Murphy then caused the bid to be altered to reflect a bid price of $2,639,500.

10. After the Valley View bid was altered, MURPHY caused the altered bid to be presented to Briggs, knowing that Briggs was appraising the grain complex and other property for purposes of valuing collateral MURPHY wanted to use to obtain loans from UMB.

11. MURPHY and another executed balance sheets for 2015 and 2016 valuing the grain complex at $2,650,000. The balance sheets were then provided to UMB.

12. To obtain loans from UMB, MURPHY was also required to submit tax returns to UMB for tax years 2014 and 2015. The tax returns MURPHY provided to UMB for 2014 and 2015 were materially different from the tax returns he caused to be filed with the Internal Revenue Service (IRS). Specifically, the 2014 returns MURPHY submitted to UMB reflected a total income of $248,415, much higher than the returns filed with the IRS, which stated a total income of $48,415. The 2015 returns MURPHY submitted to UMB reflected a total income of $216,094, much higher than the returns filed with

the IRS, which stated a total income of $46,755.13. On or about May 8, 2018, MURPHY and others entered into an agreement with UMB in which they represented that they had 540,000 bushels of corn in storage. In truth and fact, they only had 439,940.40 bushels in storage at the time of the representation.

14. On March 29, 2018, MURPHY and another provided a signed letter to UMB confirming "that no grain or livestock comprising security for the UMB Bank has been sold since the date of UMB's last inspection, including the 2017 harvest." That last inspection was October 31, 2017. In truth and fact, MURPHY sold, and caused to be sold, grain both before and after the October 31, 2017 inspection that served as security for the UMB loans. After selling the grain, MURPHY failed to turn over the proceeds from the grain sales to UMB.

## Executions of the Scheme

15. On or about the dates below, and for each count, the defendant,

TRAVIS L. MURPHY,

knowingly executed and attempted to execute a scheme and artifice to defraud UMB, and to obtain UMB's money by materially false and fraudulent pretenses, representations and promises:

| Count | Date | Execution |
|---|---|---|
| 1 | 10/14/2016 | Obtained a loan from UMB in the amount of $1,762,000.00 |
| 2 | 3/15/2017 | Obtained a loan from UMB in the amount of $1,865,000.00 |
| 3 | 7/26/2017 | Obtained a loan from UMB in the amount of $2,500,000.00 |
| 4 | 11/6/2017-5/19/2018 | Sold UMB's collateral, that being corn, in the approximate total amount of $454,155.71. |

All in violation of Title 18, United States Code, Section 1344.

## Count Five
(Bankruptcy Fraud—False Declaration)

16. The Grand Jury realleges and incorporates by reference paragraphs 1-15 as fully set forth herein.

17. On or about July 12, 2018, in the Central District of Illinois, MURPHY did knowingly and fraudulently make a materially false declaration under penalty of perjury in relation to a case under Title 11, that is *In re: Travis Murphy,* 18-71012 (Bankr. CDIL), by listing

5

on his Schedule A/B Property, the value of the Grain Complex as $2,650,000 based on a 2016 appraisal and on Schedule D: Creditors Who Have Secured Claims Secured by Property, that he owed UMB Bank more than $8.3 million, secured by approximately $5.75 million in property, including the Grain Complex, when MURPHY knew the value of the Grain Complex was less than $2,650,000.

All in violation of Title 18, United States Code, Section 152(3).

A True Bill,

Foreperson
FOREPERSON

Douglas Quivey
GREGORY K. HARRIS
UNITED STATES ATTORNEY
SSM